

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 28 1979

PATRICIA D. HOWARD
CLERK OF THE PANEL

11/28/79

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE CONTINENTAL GRAIN CO., INC. DISASTER ) DOCKET NO. 392
AT WESTWEGO, LOUISIANA, ON DECEMBER 22, 1977 )

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN, CHAIRMAN,* AND ANDREW A. CAFFREY,*
ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, AND
ROBERT H. SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

I. Background

This litigation consists of seven actions pending in seven federal districts: one each in the Eastern District of Louisiana;[1] Eastern District of Missouri; Southern District of New York; Northern District of Illinois; District of New Jersey; Southern District of Florida; and Southern District of Ohio.

Each action arises from the December 22, 1977 explosion of a grain elevator owned and operated by Continental Grain Company, Inc. (Continental) and located in Westwego, Louisiana. The explosion caused the death of 36 persons and seriously injured several more. These actions involve more than 70 plaintiffs, most of whom reside in the Eastern District of Louisiana, and more than 40 defendants.

The defendants in the Louisiana action include Continental, officers and employees of Contintental, contractors, equipment

---

* Judges Gurfein and Caffrey took no part in the decision of this matter.

1/ To date 55 actions have been consolidated under one docket number by the Louisiana court.

suppliers, fumigant manufacturers and distributors, insurance companies, and design professionals. Plaintiffs seek to recover damages based on theories of negligence, strict liability and intentional tort.

Continental and its defendant officers and employees (the Continental defendants) represent that continuous discovery proceedings, supervised by a United States magistrate, have occurred in the Louisiana action since its commencement. The Continental defendants further state that in the Louisiana action Continental "has produced hundreds of thousands of documents, ... answered hundreds of detailed interrogatories ... [and] proffered its employees and executives for deposition." Continental also represents that trial in the Louisiana action has been set to begin on July 7, 1980.

Because of difficulties with venue and in acquiring <u>in personam</u> jurisdiction over certain defendants in the Louisiana action, plaintiffs state that it became necessary also to file suit in six other districts. Five of the six non-Louisiana actions name as defendants one or more different officers of Continental. As in the Louisiana action, plaintiffs seek to hold these Continental officers liable both personally and in their capacity as officers of Continental.

Continental represents that all of "plaintiffs' non-Louisiana actions against the Continental defendants have been (and remain) inactive since their commencement."

The remaining non-Louisiana action names as defendants three executive officers of R. S. Fling & Partners, Inc. (Fling), the design engineers of the grain elevator. Plaintiffs in this action seek to recover damages based on defendants' alleged negligence.

On May 24, 1979, the court dismissed the action against the officers of Fling. On July 16, 1979, however, the action was reinstated by the court. Little or no pretrial proceedings have occurred in this action.

All plaintiffs move the Panel to centralize, pursuant to 28 U.S.C. §1407, all actions in this docket in the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings. Fling and its defendant officers (the Fling defendants), and the Aetna Casualty and Surety Company (Aetna) oppose the motion.[2]

We find that these actions involve common questions of fact and that transfer of the actions pending in districts other than the Eastern District of Louisiana to that district for coordinated or consolidated pretrial proceedings under Section 1407 with the action pending there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

---

[2] Although the Continental defendants had originally opposed the motion, they withdrew their opposition at the Panel hearing on this matter. Aetna joins in the memorandum submitted by Continental in opposition to plaintiffs' motion for centralization.

The Fling defendants contend that centralization should be denied because the actions in this litigation lack common questions of fact. These defendants assert that some of the complaints contain different legal theories with different elements and burdens of proof. Moreover, the Fling defendants maintain that centralization will be inconvenient to the parties and witnesses. Finally, these defendants assert that there is no advantage to centralizing all actions in Louisiana because the physical evidence of the damage to the Continental grain elevator has been largely destroyed or removed.

Aetna agrees with movants that the actions involved in this litigation share questions of fact, but Aetna contends that centralization would not be for the convenience of the parties and witnesses. Aetna suggests that, *inter alia*, many parties and witnesses are located outside of Louisiana and therefore all discovery of **non-Louisiana** persons should take place at their residence. Furthermore, Aetna suggests that movants would not be inconvenienced by allowing the actions to proceed in the districts in which they were filed, because Aetna is willing to stipulate with movants to "make the Louisiana litigation discovery applicable in all actions."

We find these arguments unpersuasive. The actions in this litigation clearly involve common questions of fact, including a myriad of questions relating to the cause or causes of the grain elevator explosion. The presence of differing legal theories in some of the actions does

not negate the existence of common questions of fact regarding the explosion of the grain elevator and the attendant circumstances. See In re Air Crash Disaster in the Ionian Sea on September 8, 1974, 438 F. Supp. 932, 934 (J.P.M.L. 1977). Centralization under Section 1407 is thus necessary in order to prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings concerning the common factual questions. The transferee judge, of course, has the authority to schedule any pretrial proceedings that are unique to particular parties, claims or actions to proceed concurrently with the common pretrial proceedings, thereby permitting the litigation to proceed expeditiously in all areas. See In re Multi-Piece Rim Products Liability Litigation, 464 F. Supp. 969, 974 (J.P.M.L. 1979). Moreover, the transferee judge has power to provide that no party need participate in pretrial proceedings unrelated to that party's interests. See, e.g., Parts I & II, §§2.31, Manual for Complex Litigation (rev. ed. 1977). While voluntary coordination of discovery efforts among parties and their counsel is always commendable, transfer of these actions to a single district under Section 1407 will ensure the streamlining of discovery and all other pretrial proceedings as well. See In re Gas Meter Antitrust Litigation, 464 F. Supp. 391, 393 (J.P.M.L. 1979). And, under the provisions of Fed. R. Civ. P. 26(c)(2) and 45(d)(2), depositions of parties and witnesses may occur in proximity to where they reside. See In re Air Crash Disaster near Chicago, Illinois, on May 25, 1979, ___ F. Supp. ___, ___ (J.P.M.L.,

filed August 13, 1979) (slip opinion at 4).

The Fling defendants' statement that the physical evidence of damage to the Continental grain elevator has been largely destroyed and the wreckage removed is inaccurate, according to movants. In their opening papers, movants state that "tons of the residue of the explosion to be used as evidence has been preserved at the explosion site." Assuming arguendo the truth of the Fling defendants' statement regarding the non-existence of physical evidence at the explosion site, the Eastern District of Louisiana is still the most appropriate forum for centralization of all actions in this litigation. Fifty-five of the 61 actions in this litigation are already consolidated in the Eastern District of Louisiana; most of the parties are located in Louisiana; the action in the Eastern District of Louisiana is clearly the most advanced; **and the Honorable Lansing L. Mitchell,** to whom the Louisiana action is assigned, is the judge most familiar with this litigation. See, e.g., In re L. E. Lay and Company Antitrust Litigation, 391 F. Supp. 1054, 1056 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Eastern District of Louisiana be, and the same hereby are, transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Lansing L. Mitchell for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

DOCKET NO. 392

SCHEDULE A

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| John C. Bush, et al. v. Continental Grain Company, et al. | Civil Action No. 78-19 |

EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| John C. Bush, et al. v. Henry Fisher | Civil Action No. 78-1383 |

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| John C. Bush, et al. v. Michael Fribourg, et al. | Civil Action No. 78 Civ 6102 |

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| John C. Bush, et al. v. William Phillips | Civil Action No. 78C5064 |

DISTRICT OF NEW JERSEY

| | |
|---|---|
| John C. Bush, et al. v. Max Spencer | Civil Action No. 78-3050 |

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| John C. Bush, et al. v. Harold Vogel | Civil Action No. 78-6546-Civ. NCR |

SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| John C. Bush, et al. v. Russell S. Fling, et al. | Civil Action No. C-2-78-1324 |